| | |
|---|---|
| **RIMON P.C.**<br>Counsel to David J. Doyaga, Esq.<br>The Chapter 7 Trustee<br>100 Jericho Quadrangle, Suite 300<br>Jericho, New York 11753<br>(516) 479-6300<br>Kenneth P. Silverman<br>Brian Powers<br>Courtney M. Roman | Hearing Date: September 11, 2025<br>Time: 11:00 a.m.<br><br>Objections Due: September 4, 2025<br>Time: 4:00 p.m. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

LUNDY'S MANAGEMENT CORP.,                    Chapter  7
                                             Case No.  25-42316 (NHL)
                        Debtor.
-----------------------------------------------------------x

### NOTICE OF HEARING ON TRUSTEE'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. § 365(A), AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES

**PLEASE TAKE NOTICE THAT**, upon the motion (the "Motion") of David J. Doyaga, Esq., the chapter 7 trustee (the "Trustee") of the estate of Lundy's Management Corp. (the "Debtor"), will move before the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, for the United States Bankruptcy Court of the Eastern District of New York, on **September 11, 2025 at 11:00 a.m.** (the "Hearing"), or as soon thereafter as counsel can be heard, for entry of an order authorizing the Trustee to reject certain unexpired leases listed on Schedule 1 thereto, and for such further relief as the Court deems proper.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing will be conducted via teleconference using the Webex Platform. Any party wishing to appear at the Hearing is required to register their appearance at least two (2) business days in advance of the Hearing using the Court's eCourt Appearances platform: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. The telephone number will be provided by email 48 hours before the Hearing date to all parties

that register with eCourt Appearances, but those registering for hearings less than 48 hours in advance of the hearing should allow up to 15 minutes after registration to receive the email with the information.

**PLEASE TAKE FURTHER NOTICE**, that objections to the relief sought in the Motion shall be in writing, conform to the requirements of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules of this Court, must set forth the name of the objecting party, the basis for the objection and the specific grounds therefore, and shall be filed with the Clerk of the Court through the ECF system to registered users, or by delivering a hard copy and a compact disk or flash drive containing that document in Word, Word Perfect or PDF format to the Clerk of the Court, United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East, Suite 1595, Brooklyn, New York 11201-1800, and simultaneously served so as to be received no later than **September 4, 2025 at 4:00 p.m.** by Rimon P.C., 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753, Attn: Brian Powers, Esq., attorneys for the Trustee; and the Office of the United States Trustee for the Eastern District of New York, Alexander Hamilton Custom House , One Bowling Green, Room 510, New York, New York 10004, Attn: Jeremy Susman, Esq.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing may be adjourned without further notice other than the announcement of such adjournment in open Court or by the filing of such notice of adjournment on the docket sheet for the Debtor's case.

**PLEASE TAKE FURTHER NOTICE**, that you need not appear at the Hearing if you do not object to the relief requested in the Motion.

Dated: Jericho, New York  **Rimon P.C.**
July 28, 2025  Attorneys for David J. Doyaga, Esq.
  Chapter 7 Trustee

  *s/ Brian Powers*
  Brian Powers
  Partner
  100 Jericho Quadrangle, Suite 300
  Jericho, New York 11753
  516-479-6357
  brian.powers@rimonlaw.com

**RIMON P.C.**
Counsel to David J. Doyaga, Esq.
The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Kenneth P. Silverman
Brian Powers
Courtney M. Roman

Hearing Date: September 11, 2025
Time: 11:00 a.m.

Objections Due: September 4, 2025
Time: 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

LUNDY'S MANAGEMENT CORP.,

                        Debtor.
-----------------------------------------------------------x

Chapter 7
Case No. 25-42316 (NHL)

### TRUSTEE'S MOTION FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. § 365(A), AUTHORIZING THE REJECTION OF CERTAIN UNEXPIRED LEASES

David J. Doyaga, Esq., the chapter 7 trustee (the "Trustee") of the estate of Lundy's Management Corp. (the "Debtor"), respectfully submits this motion (the "Motion") for entry of an order, in substantially the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 365(a) of Title 11 of the United Sates Code (the "Bankruptcy Code"), and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Trustee to reject certain unexpired leases listed on **Schedule 1** hereto (collectively, the "Leases"),[1] as of the Petition Date, and in support thereof respectfully represents as follows:

### JURISDICTION

1.       This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 157 and 1334.

---

[1] Nothing herein shall be construed as an admission of liability of the Debtor's estate under any Lease or a waiver of any rights, claims or defenses the Debtor's estate may have in connection with the Leases, all of which rights, claims, and defenses are expressly preserved. The Trustee reserves the right to seek to reject additional executory contracts or unexpired leases at a later date.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

4. This statutory predicates for the relief sought herein are Section 365(a) of the Bankruptcy Code, and Bankruptcy Rule 6006.

**BACKGROUND**

5. On May 13, 2025, the Debtor filed a voluntary petition for relief under chapter 7 of Title 11, United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

6. By Notice of Chapter 7 Bankruptcy Case dated May 13, 2025, David J. Doyaga, Esq. was appointed as the interim Chapter 7 Trustee (ECF Doc. No. 2) and is acting in that capacity.

7. On July 11, 2025, the Court entered an order approving the Trustee's retention of Rimon P.C. (ECF Doc. No. 13)

The Leases

8. As indicated in the Debtor's Schedules (ECF Doc. No. 7) (the "Schedules"), the Debtor is a party to a ground lease (the "Ground Lease") for the real property known as a located at 1901 Emmons Avenue, Brooklyn, New York 11235 (the "Real Property").  The Real Property is a commercial space with operating retail and restaurant locations.

9. The term of the Ground Lease is forty-nine years, with a termination date of March 8, 2043.

10. In addition, the Trustee's investigation has determined that the Debtor is a party to eight (8) subleases for portions of the Real Property with various tenants (the "Sub-Leases"), with the Debtor having certain obligations typical of a commercial landlord.

**RELIEF REQUESTED**

11. By this Motion, the Trustee seeks to reject the Leases, effective as of the date hereof. The Trustee, through his investigation into the Debtor's financial affairs, has determined that the Ground Lease has substantial arrears and that the assignment of the Ground Lease would not provide any value to the Debtor's estate. The Trustee also determined that operating the Debtor's business under Bankruptcy Code § 721 would not provide any net value to the Debtor's estate.

12. Additionally, the Debtor has certain obligations pursuant to the Sub-Leases which it can no longer perform by virtue of the filing of this chapter 7 case, and thus the Sub-Leases create an unnecessary burden on the Debtor's estate. Moreover, because of the Trustee's intended rejection of the Ground Lease, the Debtor's estate could face potential liability relating to the Sub-Leases.

13. The rejection of the Leases is critical for the Trustee to effectively administer the bankruptcy estate during the pendency of this chapter 7 case. Absent rejection, the Trustee, on behalf of the Debtor's estate, may be obligated to continue to perform the Debtor's obligations under the Ground Lease and Sub-Leases despite there being no value in those leases for the Debtor's estate.

14. Accordingly, the Trustee, as a sound exercise of his business judgment, determined that the costs of the Leases exceed any benefit that could potentially be achieved from the continuation of the Leases, or any assignments thereof.

**RELIEF REQUESTED**

15. Section 365(a) of the Bankruptcy Code provides that "[a] trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "The purpose behind allowing assumption or rejection of executory contracts

is to permit the trustee…to use valuable property of the estate and to renounce title to and abandon burdensome property." *In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993) (internal quotations omitted). Rejection of an executory contract or unexpired lease constitutes a breach effective "immediately before the date of the filing of the petition." 11 U.S.C. 365(g); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 545 (1984). "In the event of rejection, the non-debtor party is generally relegated to pursuing an unsecured prepetition claim against the estate." *In re Penn Traffic Co.*, 524 F.3d at 378.

16. Courts routinely approve motions to reject executory contracts or unexpired leases where, in the sound exercise of the trustee's business judgment, rejection will benefit the debtor's estate. *See In re MF Glob. Holdings Ltd.*, 466 B.R. 239, 242 (Bankr. S.D.N.Y. 2012); *In re G Survivor Corp.*, 171 B.R. 755, 758 (Bankr. S.D.N.Y. 1994), *aff'd sub nom. John Forsyth Co. v. G Licensing, Ltd.*, 187 B.R. 111 (S.D.N.Y. 1995) ("In deciding a motion to…reject an executory contract, the bankruptcy court places itself in the position of the trustee or debtor-in-possession and determines whether…rejection of the contract is a reasonable business decision."). "Generally, absent a showing of bad faith, or an abuse of business discretion, the [trustee's] business judgment will not be altered." *In re G Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994); *see also In re The Great Atl. & Pac. Tea Co., Inc.*, 544 B.R. 43, 48–49 (Bankr. S.D.N.Y. 2016) ("[T]he Court may largely defer to the debtor's view that rejection or assumption will benefit the estate."); *In re MF Glob. Holdings Ltd.*, 466 B.R. at 242 ("Courts generally will not second-guess a debtor's business judgment concerning whether the…rejection of an executory contract…would benefit the debtor's estate."); *Phar-Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948, 952 (N.D. Ohio 1997) ("Courts should generally defer to a debtor's decision whether to reject an executory contract."); *NLRB v. Bildisco & Bildisco*, 465 U.S. at 545; In re Klein Sleep Products, Inc., 78 F.3d 18, 25 (2d

Cir. 1996); *In re Miges*, 602 F.2d 38, 42 (2d Cir. 1979); *In re Angelika Films 57th, Inc.*, 1997 WL 283412, *5 (Bankr. S.D.N.Y. 1997); *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr. S.D.N.Y. 1989); *In re Lionel Corp.*, 29 B.R. 694, 696 (Bankr. S.D.N.Y. 1983).

17. The business judgment standard has been held satisfied upon a showing that "the contract will no longer be beneficial or necessary to the estates, that it has become burdensome to the estates, or that a prompt elimination of the attendant expenses will positively impact the Debtors' ability to improve their financial condition." *In re MF Glob. Holdings Ltd.*, 466 B.R. at 242.

18. Here, the Trustee's rejection of the Leases should be approved as within the sound business judgment of the Trustee. As previously noted, the Trustee has no intention of operating the Debtor's business under Bankruptcy Code § 721, and the assignment of the Leases would not generate any value to the Debtor's estate because of the enormity of the arrears under the Ground Lease. As a result, the Trustee has no need for the continuation of the Leases nor would such agreements preserve any going concern value or be necessary in the administration of the Debtor's estate.

19. Notably, Section 365(d)(4) provides that 120 days after the Petition Date, any "unexpired lease of nonresidential real property under which the debtor is a lessee shall be deemed rejected." 11 U.S.C. § 365(d)(4). All of the Leases the Trustee seeks to reject would be rejected as a matter of law on September 10, 2025. However, the Trustee seeks rejection of these Leases at this time to efficiently relieve the Debtor's estate from accruing any unnecessary administrative expenses in the maintenance of these Leases.

20. No previous motion for the relief sought herein has been made to this or any other court.

## **NOTICE**

21. The Trustee will provide notice of this Motion to the following parties: (i) the Debtor and its counsel; (ii) the Office of the United Sates Trustee for the Eastern District of New York; (iii) each of the counterparties to the Leases listed on Schedule 1 hereto; (iv) all of the Debtor's creditors, whether scheduled or having filed a proof of claim in this case; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the Proposed Order authorizing the rejection of the Leases effective as of the date hereof and grant such other and further relief to the Trustee as the Court may deem just and proper.

Dated: Jericho, New York  **RIMON P.C.**
      July 28, 2025  Attorneys for David J. Doyaga, Esq.,
                                           Chapter 7 Trustee

                                     By:    *s/ Brian Powers*
                                                    Brian Powers
                                                    Partner
                                                    100 Jericho Quadrangle - Suite 300
                                                    Jericho, New York 11753
                                                    (516) 479-6300